# 304 LEONARD *v.* WHALEY.

John J. Leonard and George Scofield, Respondents, *v.* Wash-
ington A. Whaley and Harry Taylor, Appellants, Impleaded
with William K. Hammond.

*Contract — promise to turn over checks received from the United States government —
it is not an assignment of the claim — specific performance thereof, compelled —
effect of U. S. R. S. § 3477 — receiver.*

Upon the trial of an action brought to enforce the specific performance of a con-
tract, it appeared that persons named Whaley and Taylor had contracted with
the United States government to erect certain buildings for which certain other
persons named Leonard Scofield and Hammond had furnished materials or
performed labor; that Whaley and Taylor, having become involved, Leonard
Scofield and Hammond entered into an agreement with Whaley and Taylor by
which they agreed to finish the building, and Whaley and Taylor assigned to
them the money or checks which might be paid to Whaley and Taylor by the
government, and also promised that they would not receive the payment upon
the contract except in the presence of their said creditors or some of them;
that they would attend in person at the quartermaster's office at Willets Point,
receive the payments or checks or drafts, and would immediately indorse and
deliver them to their creditors; they further agreed that these promises might
be specifically enforced in equity.
The creditors completed the buildings, but Whaley and Taylor refused, at a time
when the government quartermaster was about to draw checks for the amount
due, to indorse and deliver such checks to the creditors.
*Held,* that the creditors were entitled to a specific performance of the contract,
and that this could be done without giving effect to the agreement as an
assignment of a claim;
That the agreement was not within the prohibition of section 3477 of the United
States Revised Statutes, forbidding the assignment of claims against the
government;
That that section applied only to claims that could be presently made and dis-
puted, and should be given effect only so far as it might be invoked by the
government to prevent a prejudice to its rights;
That while it was perhaps unnecessary to appoint a receiver of the funds, such
appointment furnished no just cause for criticism.

Appeal by the defendants, Washington A. Whaley and another,
from an interlocutory judgment of the Supreme Court in favor of
the plaintiffs, entered in the office of the clerk of the county of
Kings on the 20th day of February, 1895, *nunc pro tunc* as of July
10, 1894, upon the decision of the court rendered after a trial at
the Kings County Special Term.

The action was brought by creditors of the defendants, Washington A. Whaley and Harry Taylor, to obtain certain payments which the defendants had agreed that such creditors should receive from the United States government, as is more particularly stated in the opinion.

The money being in the hands of the quartermaster, the plaintiffs demanded that it be paid to them as the principals of said Whaley and Taylor, and such request being refused the plaintiffs commenced this action, praying that the plaintiffs and the defendant Hammond might be adjudged to be solely entitled to the payment in question, and that the defendants Whaley and Taylor might be directed to indorse and deliver over to the plaintiffs and said Hammond any and all checks that might be delivered to them for or on account of said payment, and to execute all usual and proper vouchers therefor.

*Horatio C. King* and *H. B. Titus,* for the appellants.

*Josiah T. Marean,* for the respondents.

PRATT, J. :

This is an appeal from a judgment entered upon a decision rendered after a trial before the court without a jury. The facts appear to be as follows :

Whaley and Taylor, the appellants, had a contract with the United States government for the erection of two buildings at Willets Point, and the respondents, Leonard and Scofield and Hammond had each furnished them materials or performed labor for them in and about the erection.

Whaley and Taylor became involved, and were unable to go on. They then owed Leonard $3,741.67, Scofield $656.75, and Hammond $2,500. These three creditors then entered into the agreement in question with the appellants, Whaley and Taylor, whereby they agreed to finish up the buildings, and the appellants assigned to them, not the right to receive the payments coming from the government under this contract, but the proceeds of such payments when received, *i. e.,* the money or checks which might be paid to them by the government, and they further made these executory promises that they would not receive payments except in the presence of the respondents and the defendant Hammond, or some

of them; that they would attend in person, upon notice to do so, at the quartermaster's office at Willets Point, and receive payments or drafts, and would immediately indorse and deliver the same over to the respondents and the defendant Hammond.

They further agreed that such promises might be specifically enforced in equity, or by injunction, or other appropriate process. The respondents and the defendant Hammond were to apply the moneys received by them to their reimbursement for the expense of completion. The value of their services were also to be retained, and the remainder applied *pro rata* to the old debts above mentioned, and any residue was to be paid over to the appellants.

The respondents and the defendant Hammond completed the buildings; all payments except the final one were collected by the appellants and paid over to the respondents and the defendant Hammond, and applied by them towards the expenses of completion, except some portion thereof, which they, as matter of grace, paid to the appellants, and a considerable sum, as yet unascertained, is still due the respondents and the defendant Hammond, besides the old debts, which are wholly unpaid.

The final payment of $18,350 was due from the government, and the money was in the hands of the quartermaster at Willets Point on November 10, 1893, ready to be paid. All parties attended on that day at the office of the quartermaster, who was about to draw and deliver checks for the amount due, when the appellants declared that they would not indorse and deliver them to the respondents as agreed.

The court below gave no effect to the agreement as an assignment, but directed a specific performance of the contract.

This was in accordance with the contract, as there was contained in it an executory promise to immediately indorse and deliver over all checks which might be received, and the contract was one that in equity might be specifically enforced. This could be done for the protection of the plaintiff without giving any effect to the agreement as an assignment of the claim.

The appellants claim that the court below had no jurisdiction of the subject matter of the action, and that the contract of assignment was void as coming within the prohibition of section 3477 of the United States Revised Statutes.

We do not think the matter to be fully within the purview of this statute.

The intent of the statute was for the convenience and protection of the government, and not as a shield for those who would break their contracts and defraud their creditors.

It applies only to claims that can be presently made and disputed (*Hobbs* v. *McLean*, 117 U. S. 569–575), and will be given effect only so far as it may be invoked by the government to prevent a prejudice to the rights of the government. (*Bailey* v. *U. S.*, 109 U. S. 432; *Freedman Saving Co.* v. *Shepherd*, 127 id. 494, 505, 506; *Goodman* v. *Niblack*, 102 id. 556.)

In the latter case the court in rendering the opinion said the sections were passed in order that the government might not be harassed by multiplying the number of persons with whom it had to deal, and might always know with whom it was dealing until the contract was completed and settlement made. Their purpose was not to dictate to the contractor what he should do with the money received on his contract after it had been performed.

This case seems to render nugatory the authority of *Spofford* v. *Kirk* (97 U. S. 484) as favoring the contention of the appellants.

This judgment in no manner interferes with any government officer, but only orders the defendants to turn over to the plaintiffs, as they had agreed, the final payment when paid to them.

Perhaps it was not necessary to appoint a receiver of the fund, but we see no just cause of criticism in that, as it protects the rights of all parties, and is really a favor to the appellants.

The judgment is just, and in the interests of good morals as preventative of an outrageous fraud, and should be affirmed, with costs.

BROWN, P. J., and DYKMAN, J., concurred.

Judgment affirmed, with costs.